## DAVIS v. UNITED STATES et al.

### No. 10447.

Circuit Court of Appeals, Fifth Circuit.

Oct. 18, 1943.

Rehearing Denied Dec. 3, 1943.

R. A. Hendricks, of Miami, Fla., and Elijah A. Brown, of Atlanta, Ga., for appellant.

M. Neil Andrews, U.S. Atty., J. Ellis Mundy, Asst. U.S. Atty., and Astor Merritt, Sp. Asst. to U.S. Atty., all of Atlanta, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On December 2, 1941, the Clerk of the Superior Court of Murray County, Georgia, received for recordation an instrument which purported to be an administrator's deed bearing date of November 17, 1915, and conveying certain Georgia lands to C. Edward Davis. The instrument was received by the Clerk through the mails along with a letter of transmittal from Davis and money to cover recording fees. The Clerk, F. R. Kendrick, gave notice of the filing of the deed to a Post Office Inspector, N. A. McKew, who had previously made inquiry at the Clerk's office about the instruments filed by Davis. McKew went to the Clerk's office to see the deed, and he and the Clerk exhibited the instrument to the Judge of the Superior Court. The deed was recorded on the public records, and on December 8, 1941, on motion of the United States Attorney, the Judge of the Superior Court entered an order directing Kendrick to deliver the deed to the Post Office Inspector for a period of time not to exceed thirty days. The deed was delivered to McKew, who returned it on January 6, 1942. Immediately after return of the deed to the Clerk's office, Kendrick was served with a subpoena duces tecum commanding him to produce the document before the Federal Grand Jury at Atlanta on March 9, 1942.

Alleging illegal search and seizure and violation of rights guaranteed to him by the Fourth and Fifth Amendments to the Constitution, Davis filed in the District Court a motion to "quash, suppress, and withhold from the Grand Jury" the deed which the Superior Court Clerk had been commanded to produce. Davis further orally moved the court to enter an order suppressing the testimony and directing that the deed be returned to him. After a hearing the Court overruled the motion to suppress the evidence and return the deed, and further ordered the deed to be impounded in the District Court and returned by the District Court Clerk to Kendrick for the purpose of allowing him to respond to the subpoena duces tecum. From this order Davis has appealed.

■ On the oral argument before this court the question was raised from the bench as to whether the order entered below was an appealable one. Appellant and appellees agree that the proceeding was properly entertained and that the order entered was final and appealable. We are of the same opinion and so hold. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Cheng Wai v. United States, 2 Cir., 125 F.2d 915. Cf. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

■ Davis contends here as he did below that there has been an unlawful search and seizure and a taking of his private papers for use against him in a criminal proceeding, thereby making him a witness against himself, in violation of the Fourth and Fifth Amendments to the Constitution.

In substance the appellant's contentions are not unlike those advanced and decided in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950. Here, as in that case, there was no invasion of privacy, no physical or moral compulsion exerted, no unlawful search or taking from Davis of an instrument in his possession. For reasons satisfactory to himself Davis filed his deed for public record with the Superior Court Clerk. He made a voluntary exposition of the instrument which he now seeks to hide from view, and is not now in position to demand return of the deed and thereby suppress the story it tells. Perlman v. United States, supra; Schauble v. United States, 8 Cir., 40 F.2d 363. Cf. Newfield v. Ryan, 5 Cir., 91 F.2d 700.

Affirmed.