**UNITED STATES of America,**
**Appellant,**

v.

**Willard Alonzo WILLIAMS, Appellee.**

**No. 7056.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1955.

Decided Nov. 7, 1955.

---

**150**

Lafayette Williams, Asst. U. S. Atty., Yadkinville, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on brief), for appellant.

W. H. McElwee, Jr., No. Wilkesboro, N. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in a criminal case in which the defendant Williams was charged with violation of the Internal Revenue laws in removing and concealing untaxed whiskey, 26 U.S.C.A. §§ 5632, 5008. The prosecution was based upon evidence obtained when officers of the government arrested defendant as he was loading the whiskey into a truck in his garage. A motion was made to suppress the evidence, and the trial judge sustained the motion and dismissed the case, in which a bill of indictment had been found. The government appealed from the order thus entered but did so more than thirty days after the entry of the order. Defendant moves here to dismiss the appeal.

The facts are that officers of the government received information about 7 P.M. on August 31, 1954 that illicit liquor from a still which had been raided by them that morning would be removed from defendant's premises as soon as it got dark. They accordingly went at once to defendant's premises where they arrived around 7:30 P.M. and stationed themselves approximately 300 yards away across a dirt road which runs behind his house. Shortly thereafter, at about dark, a panel truck pulled into defendant's garage and the officers heard a sound as of metal cans being loaded into the truck. They started walking up the road, toward the garage and, when they got within twenty-five steps of it, smelled the odor of moonshine whiskey. Coming in front of the garage, they saw defendant and one Jones loading cans of the whiskey into the truck and arrested them. They thereupon searched a lean-to next to the garage and found therein 298 gallons of illegal liquor.

At the time of the arrest and search the officers had neither an arrest warrant nor a search warrant. Immediately following the arrest, however, an arrest warrant against defendant and Jones was sworn out charging them with the removal and concealment of non-tax-paid liquor in violation of the internal revenue laws. On the same day, they waived hearing before a United States Commissioner and gave bond to appear and answer the charge at the November term of the United States District Court. Something over a week later, on September 9, 1954, they filed in the District Court a motion entitled in the criminal case alleging that the evidence upon which the warrant of arrest therein was predicated and which the government proposed to introduce before the grand jury for the purpose of procuring a bill of indictment had been obtained by an

illegal search in violation of the constitutional rights of defendant. They asked that this evidence be suppressed, that the bill of indictment, if found, be quashed and that the criminal action against them be dismissed. A bill of indictment was returned against the defendants on Nov. 15, 1954. The case was then called and was continued for the defendants. It was called again at the May term 1955, when, on May 16, 1955, defendant Williams entered a plea of not guilty and waived jury trial and the case was again continued. On May 17 the court heard the motion to suppress, granted the motion and ordered the case dismissed. Not until July 11 was notice of appeal filed.

The contention of the government is that the motion to suppress was a civil matter, that the government had 60 days to appeal from the order granting the motion, that the order was clearly erroneous as was the order dismissing the case, and that both should be reversed and the case remanded for trial. The contention of the defendant is that the order on the motion to suppress was an order entered in the criminal case and that no appeal could be taken therefrom unless taken within thirty days. He further contends that if the appeal is properly before us, the order suppressing the evidence and dismissing the case should be sustained.

■■ If the case were properly before us, we would find difficulty in sustaining the order of the court below, as arrest without warrant may be made where officers observe a crime being committed in their presence and, as incidental to the arrest, they may make search of the premises where the arrest is made. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Janney v. United States, 4 Cir., 206 F. 2d 601. Here, a crime was being committed in the presence of the officers; and their senses of sight, smell and hearing apprised them of its commission. The fact that they obtained some of this information by walking across the land of defendant is immaterial. This was, at most, nothing more than a civil trespass and in no sense an unlawful search forbidden by the Constitution Amend. 4. Janney v. United States, supra; Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed 898.

■ We think, however, that the appeal must be dismissed. The order was not a final order made in a civil proceeding, from which an appeal would lie and from which the government would have 60 days in which to take an appeal, but an order in a criminal proceeding. The motion was entitled in the criminal proceeding and the relief asked was, not return of the contraband liquor or the restraint generally of officers of the law, but the suppression of evidence in the criminal proceeding, the quashing of the indictment therein, and the dismissal of the proceeding. The order was entered in the criminal proceeding and it granted the motion as made and dismissed the proceeding. In so far as it related to the suppression of the evidence, the order was clearly interlocutory and not independently appealable. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Wallace & Tiernan Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed 1042. In so far as it ordered a dismissal of the indictment in the case, it was not taken within 30 days and must be dismissed for that reason under Rule 37 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

It is argued that because the motion was made before the finding of the indictment it must be treated as a plenary proceeding, as in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; but we do not think that the time of the finding of the indictment is the sole criterion for deciding whether the proceeding initiated by the motion is plenary or interlocutory.* Criminal proceedings were commenced against defendant when he was bound over by the

---

* See United States v. Mattingly, 52 App. D.C. 188, 285 F. 922; Nelson v. United States, 93 U.S.App.D.C. 14, 208 F.2d 505, 516–517; and Cf. Cheng Wai v. United

Commissioner and gave bond for his appearance at District Court to answer the charge against him; and the motion made was solely with reference to these proceedings and to the indictment which it was apprehended might be found in the course thereof. As said in Cogen v. United States, supra, 278 U.S. 221, 227, 49 S.Ct. 118, 120:

"Thus, where the motion to quash the search warrant and for return of the property is made by a party to the cause is filed in the cause and seeks suppression of the evidence at the trial, it is apparent that the motion to quash the search warrant is an incident merely; that the real purpose of the application is to suppress evidence; and that it is but a step in the criminal case preliminary to the trial thereof. Circumstances may make this clear, even if the motion does not specifically pray for suppression of the evidence. In all such cases the order made on the motion is interlocutory merely."

In the later case of United States v. Wallace & Tiernan Co., 336 U.S. 793, at page 802, 69 S.Ct. 824, at page 829, 93 L.Ed. 1042, in which was involved the right to use evidence suppressed on motion in a prior criminal prosecution, the Supreme Court said:

"* * * a judgment in an independent plenary proceeding for return of property and its suppression as evidence is final and appealable and the scope of relief in such a case may extend far beyond its effect on a pending trial; but a decision on a motion to return or suppress evidence in a pending trial may be no more than a procedural step in a particular case and in such event the effect of the decision would not extend beyond that case. Whether a motion is to be treated as independent and plenary or as merely a procedural step in a pend-

States, 2 Cir., 125 F.2d 915; United States v. Sineiro, 3 Cir., 190 F.2d 397; Centracchio v. Garrity, 1 Cir., 198 F.2d

ing trial must be determined by particular circumstances. See Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. The circumstances here we think show that the order now considered was not one of permanent general 'outlawry' against all use of the documents involved, but an order to prevent their use in a particular criminal proceeding then pending."

The dismissal of the appeal, however, will not preclude the prosecution of the defendant on another indictment, if one should be found against him, since the defendant has not been placed in jeopardy but there has been a mere dismissal of the case based on the suppression of the evidence on which the indictment was found. Nor will it preclude the use of the testimony which was suppressed, since the order suppressing it was a mere interlocutory order in the case which was dismissed. United States v. Wallace & Tiernan Co., supra; Nelson v. United States, supra.

Appeal dismissed.

382; Lapides v. United States, 2 Cir., 215 F.2d 253.