**UNITED STATES of America, Appellant,**

v.

**Bert G. ASHBY, Appellee.**

**No. 16345.**

United States Court of Appeals
Fifth Circuit.

June 14, 1957.

Rehearing Denied Aug. 19, 1957.

William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Ft. Worth, Tex., Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., for appellant.

Lester L. May, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellee, Bert G. Ashby, had practiced law in Dallas, Texas. His wife was Mabel Ashby whom he married in 1949. After a rather hectic marital

career they separated in April of 1954. She sued for divorce. In July of 1954, while the divorce suit was pending, Mrs. Ashby voluntarily turned over to an agent of the Internal Revenue Service of the United States the business records of her husband, without his knowledge or consent. A divorce was subsequently granted. On April 13, 1956, an indictment was returned by the Federal grand jury of the United States District Court for the Northern District of Texas for failing to make income tax returns for the years 1952 and 1953. 26 U.S.C.A. (I.R.C.1939) § 145(a). Ashby moved for the suppression of the records and papers as evidence, for the return of these records and papers to him, and for a dismissal of the indictment. A hearing was had and testimony was offered by both Ashby and the Government. The Government contended that Mrs. Ashby's motive in bringing the records to the Internal Revenue Agents was to ascertain her own tax status. Ashby claimed that her conduct was prompted by a desire to injure him.

At the conclusion of the hearing, the Court made an oral finding that in delivering the books and records, Mrs. Ashby was motivated by anger and a desire to injure, and not to obtain any information about her own liability. The district court entered a formal order finding that as a result of the conduct of Mrs. Ashby the Internal Revenue Service determined that Ashby should have made income tax returns, that the evidence obtained from Mrs. Ashby was illegal and inadmissible and should be suppressed, and the indictment based thereon should be quashed and dismissed. By the court's order Ashby's motion was in all things sustained and the indictment dismissed. From this order the United States has appealed.

If we are to consider the question as to the correctness of the order of the district court, there must be a determination that this Court has jurisdiction. The United States asserts jurisdiction under 18 U.S.C.A. § 3731 which, so far as here pertinent, provides:

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section."

The appellee, Ashby, takes the position that an order upon his motion to suppress is not appealable. He urges that as he made no attack upon the indictment and the dismissal was merely incidental to the ruling on the motion to suppress, the order dismissing was not of the kind within the purview of § 3731.

The appellee, in support of his position that the court's order is not appealable, cites and relies upon United States v. Janitz, 3 Cir., 1947, 161 F.2d 19. Janitz and others, including Conklin, were indicted for violating the Federal liquor laws. Conklin successfully moved for suppression of the evidence seized on his premises and the indictment was dismissed as to him. The case was brought on for trial against the other defendants and they moved for a suppression as to them of the seized evidence. The motion was granted. The district court denied a motion for acquittal but entered an order dismissing the indictment. An appeal by the Government was dismissed for want of jurisdiction. In the Janitz case, however, the trial had commenced and the defendants had been placed in jeopardy. The dismissal of the indictment was the equivalent of an acquittal. In the case before us there was a dismissal of the indictment and under § 3731 the order was subject to appeal. Any other conclusion would, as shown by the Court of Appeals of the Fourth Circuit, "forever and irremediably condemn the prosecution's case before trial." United States v. Ponder, 4 Cir., 1956, 238 F.2d 825, 829.

Having reached the conclusion that an appeal is authorized under 18

U.S.C.A. § 3731, we need not consider whether a review might be had under 28 U.S.C.A. § 1291. See Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Ponder, supra.

■ Having determined that the order is one from which an appeal can be taken to this Court, we turn to the question of whether the district court erred in the entry of its order. The motion assigned as grounds for the suppression the disqualification of one spouse to testify against the other existing at common law and under the Texas statutes, a violation of the search and seizure provisions of the Fourth Amendment, and a violation of the self-incrimination provisions of the Fifth Amendment. At the time the records were taken by Mabel Ashby and turned over to the Internal Revenue agents she was Ashby's wife. At the time Ashby sought the suppression and return of the records, he and Mabel Ashby were divorced. A divorce terminates the incompetency of a wife to testify against her husband in a criminal case, except as to confidential matters, even though her knowledge was acquired during the period of the marriage. Curd v. State, 86 Tex.Cr.R. 552, 217 S.W. 1043. But it does not appear that she has testified or will testify against him. He attempted, without success, to procure her testimony for the hearing in the proceeding which we here review. All she did was to make available to the agents records showing or indicating the possibility of a community tax liability of her husband and herself. The records were in no sense a communication between husband and wife and in no sense confidential as between them.

The doctrines announced by the Supreme Court in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, have put at rest the contentions of the appellant. The representatives of a former employer of McDowell purloined documents from his office and office safe and placed them in the hands of the United States Attorney. Mc-

Dowell petitioned for their suppression and return, stating that it was the intention of the Department of Justice to submit the documents to a grand jury and use them as the basis for an indictment against him. McDowell asserted, as does Ashby, that the use of the instruments would deprive him of rights secured by the Fourth and Fifth Amendments to the United States Constitution. The court upheld the right of the Government to retain and use the papers and, among other things, said:

"The exact question to be decided here is: May the government retain incriminating papers, coming to it in the manner described, with a view to their use in a subsequent investigation by a grand jury, where such papers will be part of the evidence against the accused, and may be used against him upon trial should an indictment be returned?

"We know of no constitutional principle which requires the government to surrender the papers under such circumstances. Had it learned that such incriminatory papers, tending to show a violation of federal law, were in the hands of a person other than the accused, it having had no part in wrongfully obtaining them, we know of no reason why a subpoena might not issue for the production of the papers as evidence. Such production would require no unreasonable search or seizure, nor would it amount to compelling the accused to testify against himself.

"The papers having come into the possession of the government without a violation of petitioner's rights by governmental authority, we see no reason why the fact that individuals, unconnected with the government, may have wrongfully taken them, should prevent them from being held for use in prosecuting an offense where the documents are of an incriminatory character." Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 576.

Other authorities might be but need not be cited. It follows that the judgment of the district court is erroneous and it is

Reversed.