**Bonnie L. PETERSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17183.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1958.

Rehearing Denied Jan. 5, 1959.

Frank Foy Faulk, Jr., Albany, Ga., for appellant.

E. Ralph Ivey, Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

By this appeal appellant seeks to test for error the ruling and order of the district judge on a motion to suppress evidence which was filed in and as a part of a criminal proceeding in which an indictment had been had, and in which, therefore, the only way to test the question was by appeal from the final order in the criminal case. See Rodgers v. United States, D.C., 158 F.Supp. 670, where, beginning at page 675 the authorities are assembled and the question is thoroughly and admirably discussed. Cf. also United States v. Hardy, 2 Cir., 252 F.2d 780 and United States v. Williams, 4 Cir., 227 F.2d 149. Upon the record [1]

---

1. This is the record:

On Feb. 18, 1958, a two count indictment of appellant and nine others, charging them with engaging in the business of accepting wages and conducting a lottery without paying the special tax as required by Sec. 4411, and without registering as required by Sec. 4412, of the Internal Revenue Code, in violation of Sec. 7203, Title 26 U.S.C. §§ 4411, 4412, 7203, was filed in the United States District Court for the Northern District of Georgia, Atlanta Division.

On March 1, 1958, the defendant filed a motion to suppress evidence which she alleged had been illegally taken from her and which is being held and kept by the officers of the Treasury Department or the United States Attorney for the purpose of being introduced and used in the criminal action against her. Such evidence was alleged to consist of one woman's flowered multicolored handbag containing $226.00 in lawful currency and money of the United States.

The motion then went on to charge that the property was taken from her without warrant or other lawful authority, that she was not using the property in connection with the operation of any lottery or any other such unlawful purpose and that the said evidence was seized without excuse or lawful warrant and same is to be used against her to try to implicate movant in a criminal lottery operation, that the property was seized without warrant or authority and without any probable cause for the purpose of

made below, appellant finds herself, we think, on the horns of a dilemma. If, as would appear from the designation of the record and the argument of the case in her brief, the appeal pressed here is the appeal from the order denying her motion to suppress the evidence, appellant finds herself in the position of endeavoring to appeal from an order which is not appealable, so that her appeal must be dismissed. On the other hand, if appellant is intending to appeal from the final judgment, she is in the position of having no record to support her claim that the judgment of conviction should be reversed because of reversible error committed on the trial. In either event, the relief sought must be denied.

As we are of the opinion that the appeal should be treated as one from a final judgment and that no showing of reversible error has been made, the judgment is affirmed.

using it in the criminal prosecution against movant.

Based on such allegations, movant prayed that the evidence now in the possession of the United States be suppressed and not admitted in evidence or as evidence in the above entitled criminal action against movant and that the same be returned to her instanta.

This motion was heard and evidence was taken on it on March 7, and the motion was on March 10 denied. Thereafter, on March 27, the criminal indictment above referred to came on for trial and a trial was had resulting in a verdict finding the defendant guilty on Counts one and two of the indictment and a judgment and sentence was entered against her on that day. On the same day appellant appealed from said judgment and sentence.

Thereafter defendant filed with the same court another notice of appeal from the order of March 10, denying the motion to suppress. This notice of appeal recited that it was heard upon evidence submitted on March 7, 1958, and the said order and adjudication became final as of March 19, 1958, when she was convicted, and said notice recited: "This appeal is from only that part of the conviction of the said Bonnie L. Peterson which resulted from the refusal of the Court to suppress said evidence." The notice further recited that it was filed separately on the request of the attorney. In connection with this appellant filed the following designation of the record:

"Appellant, defendant in the above entitled action, Bonnie L. Peterson, hereby designates the following portions of the record, proceedings and evidence to be contained in the record on appeal in the above entitled action:

"1. Appellant's motion to suppress evidence.

"2. The order of Frank M. Johnson, Jr., U. S. District Judge, filed March 10. 1958, in said case, overruling the aforesaid motion.

"3. The testimony of witnesses James Harris, Fannie Mae Richardson, Daisy Jones Frazier, Bobbie Lee Frazier, and Bonnie L. Peterson.

"4. The statement by the appellant of the points on which she intends to rely."

and a statement of points on appeal limited to the question of the insufficiency of the evidence to justify the search and seizure of the property. Thereafter the United States designated the whole record in the criminal case and later dismissed this cross designation with the exception of Par. 5 of the designation, which paragraph 5 designated the entire transcript and order of the court at the hearing on March 7th.