**Aurelio ZACARIAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17440.**

United States Court of Appeals Fifth Circuit.

Dec. 2, 1958.

Rehearing Denied Jan. 5, 1959.

Joseph A. Calamia, Joseph J. Rey, El Paso, Tex., for appellant.

James E. Hammond, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal from an order of the trial court denying appellant's motion to suppress evidence was prosecuted before indictment or trial of appellant. It is attacked by a motion to dismiss, filed by the United States, on the ground that the order of the trial court was interlocutory and thus not appealable.

The record before us discloses that Zacarias was searched without a warrant and had certian narcotics taken from his possession, was then arrested, taken before the United States Commissioner, where a complaint was filed against him as provided in Rule 5, F.R.Crim.P., 18 U.S.C.A.[1] Zacarias was released on bond,

---

**1.** The rule makes provision for cases in which an arrest is made without a warrant as follows:

"Rule 5. Proceedings before the Commissioner.

"(a) Appearance before the Commissioner. * * * any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commis-

employed counsel and appeared at his commitment hearing. He was bound over to the grand jury. Thereafter, at this stage of the proceedings, he filed his motion to suppress the evidence on the ground that the search was made without a search warrant, without an arrest warrant and without probable cause for believing that a narcotics violation was being committed or had been committed by Zacarias within the meaning of 26 U.S.C.A. § 7607.[2] The trial court heard evidence on the motion to suppress, and entered an order denying it. Thereupon appellant appealed here.

The appealability of this order depends upon whether it is a "final" order of the trial court, as distinguished from an interlocutory order, since the existence of a final order is necessary in order for this court's jurisdiction to attach. 28 U.S.C.A. § 1291. The answer to this question is found by determining whether this motion to suppress the evidence is an independent civil proceeding, finally terminated with the order denying the relief or is ancillary to a pending criminal proceeding.

No Supreme Court case has been cited to or been found by us that categorically answers this question. A rather full discussion of the reviewability of such orders is contained in Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. However, in that case an indictment had already been found, which, of course, is not the case here. In Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, the Court held that an order denying the motion, before indictment, to enjoin the use of certain documents that had been impounded in previous litigation, was appealable.

In United States v. Williams, 4 Cir., 227 F.2d 149, the court held that an order entered after complaint and after the accused had been bound over to the District Court on a waiver of a commitment hearing, was interlocutory and not appealable. Such was the posture of affairs here, except that here the commitment hearing was held, and, as provided in the rule, Zacarias was bound over to the District Court.

We note that a different view is expressed in a decision by the Court of Ap-

sioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

Subsequent proceedings are also prescribed by Rule 5 as follows:

"(b) Statement by the Commissioner. The commissioner shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules.

"(c) Preliminary Examination. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reason-

able time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him."

**2.** "The Commissioner * * * and officers of the customs * * * may, (1) * * * (2) make arrests without warrants for violations of any law of the United States relating to narcotic drugs (as defined in Section 4731) or marihuana (as defined in Section 4761) where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation." 26 U.S.C.A. § 7607.

peals for the Ninth Circuit. See Freeman v. United States, 160 F.2d 69. However, we think it quite plain that after a complaint has been issued by a United States commissioner, the accused has been afforded a commitment hearing at which he is permitted to cross examine the prosecuting witnesses and to testify, if he so desires, in his own behalf, and is then, in the language of the statute "[held] to answer in the district court," a motion thereafter made under Rule 41 (e) is incidental to the criminal proceeding already commenced and pending. An order on such motion is not final; it is interlocutory and is not appealable.

The appeal is dismissed.