### UNITED STATES of America
### v.
### Clarence J. BREWER, James A. Roberts and Anthony J. Morocco.
### No. 22085.

United States District Court
N. D. Georgia,
Atlanta Division.
July 8, 1959.

Vane G. Hawkins, Athens, Ga., for movants.

Charles D. Read, Jr., Acting U. S. Atty., and E. Ralph Ivey, Asst. U. S. Atty., Northern District of Georgia, Atlanta, Ga., for the United States.

SLOAN, District Judge.

The defendants, Clarence J. Brewer and James A. Roberts, here file motions for the return of seized property and for the suppression of evidence in the above-stated case.

It appears that a similar motion was filed in the United States District Court for the Middle District of Georgia in which district the property was seized; a hearing was had thereon and judgments overruling and denying same were entered on the 16th day of June, 1959, by Honorable W. A. Bootle, United States District Judge for the Middle District of Georgia.

Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that a person aggrieved by an unlawful search and seizure may move the district court for the District in which

the property was seized for the return of the property and to suppress for use in evidence anything so obtained, and further provides that "the motion to suppress evidence may also be made in the district where the trial is to be had." This rule, in the opinion of the Court, is intended to provide for a hearing in either district, but does not require multiple hearings.

In the absence of exceptional circumstances,[1] the ruling of Judge Bootle is controlling here [2] and the motions are dismissed.

---

1. TCF Film Corp. v. Gourley, 3 Cir., 240 F.2d 711, 713; United States v. Wheeler, 3 Cir., 256 F.2d 745, 747, 748.

2. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937; Waldron v. United States, 95 U.S. App.D.C. 66, 219 F.2d 37.