UNITED STATES of America, Appellant,

v.

Daniel J. KOENIG, Appellee.

No. 18355.

United States Court of Appeals Fifth Circuit.

April 12, 1961.

Marshall Tanor Golding, Atty., Dept. of Justice, Washington, D. C., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellant.

Joseph P. Manners, Harold Peter Barkas, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The scales of justice are not always evenly balanced; one of the scales holds a few extra weights in favor of a person accused of crime. This appeal deals with one of those weights: the limited jurisdiction of this Court to hear a government appeal from an order of a district court suppressing evidence.[1] For pur-

1. September 10, 1959, F.B.I. agents arrested Daniel J. Koenig in Miami, Florida, on a faulty arrest warrant and on probable cause based on a teletype communication from Ohio that a complaint had been filed against Koenig charging

poses of the appeal, two elements in the case are important. (1) The defendant filed his motion to suppress before he was indicted, but after a complaint was issued against him and after a commitment hearing before the United States Commissioner. (2) The suppression order was issued in a district different from the district in which the defendant was indicted and will be tried. We hold that the order is not appealable. Zacarias v. United States, 5 Cir., 1958, 261 F.2d 416, certiorari denied 359 U.S. 935, 79 S.Ct. 650, 3 L.Ed.2d 637, controls our decision.

■ Government appeals in criminal cases are exceptional and are not favored by the courts. Carroll v. United States, 1957, 354 U.S. 394, 400, 77 S.Ct. 1332, 1 L.Ed.2d 1442. Such appeals must be

based on express statutory authority; the government had no right of appeal at common law. United States v. Sanges, 1892, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445; United States v. Janitz, 3 Cir., 1947, 161 F.2d 19; United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015, 156 A.L.R. 1200. See Orfield, Criminal Appeals in America, p. 58 (1939).

■ The primary statutory authority for government appeals in criminal cases, 18 U.S.C.A. § 3731, does not specifically include appeals from orders suppressing evidence.[2] The Judicial Code, however, does authorize appeals from "all *final* decisions of the district courts * * * except where a direct review may be had in the Supreme Court." 28 U.S.C.A. § 1291. The appealability of an order suppressing evidence depends, therefore, upon whether it is "final".[3]

him with a bank robbery. After Koenig's arrest, agents searched the house he rented, his garage, and his automobile. They seized, among other things, an attache case containing $13,190, a 45 calibre blue steel Colt automatic, a masquerade make-up kit, a box containing forty coin-wrappers, two rolls of pennies with fifty pennies in each roll, and other articles including a black ceramic cat containing $340. October 9, 1959, the United States Commissioner at Miami held a final hearing on the Ohio complaint. October 12 Koenig filed a motion in the District Court for the Southern District of Florida, under Rule 41(e), Fed.R.Crim.P., 18 U.S.C.A., for the suppression of the seized property and for the return of the property. Two days later, the Commissioner filed his written findings and recommendation that a warrant of removal of Koenig be entered. October 16, four days after the motion to suppress was filed, an indictment was returned against Koenig in the Southern District of Ohio. December 18, 1959, after three hearings on earlier dates, the district court in Florida granted Koenig's motion to suppress the evidence and denied the motion for return of the property. The court held that the F.B.I. agents had probable cause to make the arrest without a warrant, but that the search was unreasonable and violative of the Fourteenth Amendment. The Government appeals from that order denying the motion to suppress; the defendant has not appealed from denial of

the motion for return of the property. We do not discuss the reasonableness of the search and seizure, because of our holding that the order is not appealable.

2. "An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances: From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section. From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section. The appeal in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted." 18 U.S.C.A. § 3731.

3. In criminal cases a final judgment or order may be reviewed by way of immediate appeal or writ of error, but absent special statutory authorization an interlocutory order cannot be so reviewed. See 6 Moore, Federal Practice, ¶ 54.11, 54.12, 54.14, 54.16; 2 Am.Jur., Appeal & Error, § 21. The final judgment as a basis for appeal is an historic concept, the modern rationale of which is to prevent congestion in the appellate courts. See Crick, The Final Judgment as a Basis for Appeal, 41 Yale L.J. 539 (1932). Crick suggests that upon analysis the "final judgment" rule causes as much

Orders in an incidental ancillary proceeding to a criminal action are interlocutory and non-appealable; orders in independent plenary proceedings are final and appealable. United States v. Wallace & Tiernan Co., 1949, 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042; Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Ponder, 4 Cir., 1956, 238 F.2d 825. See 6 Moore, Federal Practice, ¶ 54.14.

■■■ The crucial factor in deciding whether a suppression order is issued in an independent proceeding or is merely a step in the trial of a case, is the pendency of a criminal action in which the evidence sought to be suppressed may be used.[4] If there is no criminal proceeding pending, a motion for suppression of evidence and the return of such (evidential) property is an independent civil suit. But at what stage does a criminal proceeding begin? The courts of appeal have reached various answers.[5]

The filing of an information or an indictment is frequently accepted as the

labor as it saves, however, since it requires repeated litigation to determine what is and what is not a final judgment. Id. at 557–63. This case offers additional evidence to substantiate his thesis. Nevertheless the function of the rule is to avoid piecemeal litigation and the delays caused by interlocutory appeals. See 6 Moore, Federal Practice, ¶ 54.11; Lewis v. E. I. Du Pont de Nemours & Co., 5 Cir., 1950, 183 F.2d 29, 21 A.L.R.2d 757. "Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. These considerations of policy are especially compelling in the administration of criminal justice." Mr. Justice Frankfurter in Cobbledick v. United States, 1940, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783.

4. As Judge Tuttle states the test in Zacarias v. United States, 5 Cir., 1958, 261 F.2d 416, 417, certiorari denied 359 U.S. 935, 79 S.Ct. 650, 3 L.Ed.2d 637, the answer to the question whether an order to suppress evidence is final or interlocutory is found by determining whether the motion was made in "an independent civil proceeding, finally terminated with the order denying [or granting] the relief or is ancillary to a pending criminal proceeding." The time at which the motion was made, rather than the time at which it is passed upon by the court, controls in determining the character of the proceeding. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Poller, 2 Cir., 1930, 43 F.2d 911, 74 A.L.R. 1382.

5. *Second Circuit:* Cheng Wai v. United States, 2 Cir., 1942, 125 F.2d 915 (before indictment, order appealable); United States v. Poller, 2 Cir., 1930, 43 F.2d 911, 74 A.L.R. 1382 (after proceedings before commissioner, but before indictment; order appealable).

*Third Circuit:* United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, certiorari denied 358 U.S. 873, 79 S.Ct. 111, 3 L.Ed.2d 103 (after indictment, order appealable); United States v. Pack, 3 Cir., 1957, 247 F.2d 168 (after indictment and dismissal, order not appealable); United States v. Bianco, 3 Cir., 1951, 189 F.2d 716 (before indictment, order appealable); United States v. Janitz, 3 Cir., 1947, 161 F.2d 19 (after indictment, order not appealable); Re Sana Laboratories, Inc., 3 Cir., 1940, 115 F.2d 717, certiorari denied sub. nom. Sana Laboratories, Inc. v. United States, 1941, 312 U.S. 688, 61 S.Ct. 615, 85 L.Ed. 1125 (after indictment, order appealable).

*Fourth Circuit:* United States v. Ponder, 4 Cir., 1956, 238 F.2d 825, noted in 35 No.Car.L.Rev. 501 (1957) (after indictment, order appealable); United States v. Williams, 4 Cir., 1955, 227 F.2d 149 (before indictment, order not appealable).

*Fifth Circuit:* Zacarias v. United States, 5 Cir., 1958, 261 F.2d 416, certiorari denied 359 U.S. 935, 79 S.Ct. 650, 3 L.Ed.2d 637 (before indictment, order not appealable); United States v. Ashby, 5 Cir., 1957, 245 F.2d 684 (after indictment and dismissal, order appeal-

dividing-line to mark the beginning of criminal proceedings. See Orfield, Criminal Procedure from Arrest to Appeal, pp. 204–208 (1947). The difficulty here is that at the time Koenig filed his motion, there was no way of knowing positively that he would be indicted. In Post v. United States, 1894, 161 U.S. 583, 587, 16 S.Ct. 611, 613, 40 L.Ed. 816 (not, however, involving a motion to suppress), the Supreme Court said:

> "Criminal proceedings cannot be said to be brought or instituted until a formal charge is openly made against the accused, either by indictment filed in court, or, at the least, by complaint before a magistrate. [citations omitted]. The submission of a bill of indictment by the attorney for the government to the grand jury, and the examination of witnesses before them, are both in secret, and are no part of the criminal proceedings against the accused, but are merely to assist the grand jury in determining whether such proceedings shall be commenced; the grand jury may ignore the bill, and decline to find any indictment; and it cannot be known whether any proceedings will be instituted against the accused until an indictment against him is presented in open court."

■ When the motion to suppress is made *after* indictment the order is considered interlocutory and neither the defendant nor the government may appeal from it, because the question whether the accused would be indicted has been resolved and motions related to the suppression of evidence are integrally related to the criminal proceeding. Carroll v. United States, 1957, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (government's right to appeal); Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (defendant's right to appeal). Orders suppressing evidence are then in the nature of a trial judge's rulings on admissibility of evidence. Even when the motion results in dismissal of the indictment for lack of evidence, the order is not final and hence not appealable. Carroll v. United States, 1957, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. But where the motion is made by the applicant *before* an information or indictment is found or returned against him, some courts—and we recognize the force of their arguments—treat the proceeding as independent and the resulting order final and appealable. Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Burdeau v. McDowell, 1920, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct.

able); Davis v. United States, 5 Cir., 1943, 138 F.2d 406 (hearing before Grand Jury, order appealable): Turner v. Camp, 5 Cir., 1941, 123 F.2d 840 (summary proceeding against prosecuting officer, order appealable).

*Sixth Circuit:* Dowling v. Collins, 6 Cir., 1926, 10 F.2d 62 (criminal case pending, order nevertheless appealable).

*Seventh Circuit:* United States v. One 1946 Plymouth Sedan Automobile, 7 Cir., 1948, 167 F.2d 3 '(after indictment, order not appealable).

*Ninth Circuit:* United States v. Sugden, 9 Cir., 1955, 226 F.2d 281, affirmed memorandum, 1956, 351 U.S. 916, 76 S. Ct. 709, 100 L.Ed. 1449 (after indictment and dismissal, order appealable); Weldon v. United States, 9 Cir., 1952, 196 F.2d 874 (before indictment or information, after complaint, arrest, and arraignment; if order effective, appealable); Freeman v. United States, 9 Cir.,

1946, 160 F.2d 69 (after complaint and hearing before Commissioner, but before indictment, order appealable); United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015 (after first trial, before new trial, order not appealable).

*District of Columbia Circuit:* United States v. Stephenson, 1955, 96 U.S.App. D.C. 44, 223 F.2d 336 (after indictment, order not appealable); Nelson v. United States, 1953, 93 U.S.App.D.C. 14, 208 F.2d 505, certiorari denied 346 U.S. 827, 74 S.Ct. 48, 98 L.Ed. 352 (before indictment, order not appealable); United States v. Cefaratti, 1952, 91 U.S. App.D.C. 297, 202 F.2d 13, noted in 21 Geo.Wash.L.Rev. 631, 39 Va.L.Rev. 103, 41 Geo.L.J. 259 (after indictment, order appealable). See Friedenthal, Government Appeals in Federal Criminal Cases, 12 Stan.L.Rev. 71, 83–102 (1959); note, 106 U.Pa.L.Rev. 612 (1958).

417, 62 L.Ed. 950; Davis v. United States, 5 Cir., 1943, 138 F.2d 406; Cheng Wai v. United States, 2 Cir., 1942, 125 F.2d 915.

■ This Court has drawn the line at a stage earlier than indictment. Zacarias v. United States, 5 Cir., 1958, 261 F.2d 416, certiorari denied 359 U.S. 935, 79 S.Ct. 650, 3 L.Ed.2d 637. This Court treats an order to suppress, following on the heels of a complaint and a commitment hearing, as one step in a series of steps constituting the criminal proceeding. In Zacarias the defendant's motion to suppress was filed and denied before indictment.[6] A complaint had been issued by a United States Commissioner, a commitment hearing had been held, and Zacarias was already bound over to the district court. This Court refused to allow an appeal by the defendant, on the ground that the order denying his motion was interlocutory. Koenig is in no different situation from Zacarias. Here, a complaint and a warrant had been issued, the Commissioner had held a full preliminary hearing, the Commissioner had announced oral findings recommending that Koenig be removed to the district court in the Southern District of Ohio, and the district court reached its decision on suppressing the evidence four months after Koenig had been under indictment. In the light of Zacarias, Koenig's motion to suppress was not an independent action but simply an early step in the criminal case against him.[7]

The fact that the motion for the return of property was denied, while the motion to suppress was granted, so that the property remains in the possession of the court, adds some weight to the view that the order appealed from is interlocutory. Cf. United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015, 1017; Carroll v. United States, supra, 354 U.S. at page 404, n. 17, 77 S.Ct. at page 1338.

The Government seeks to distinguish Zacarias on the ground that the Zacarias appeal was from an order *denying* a defendant's motion to suppress evidence; here, the appeal is from an order *granting* the motion. When there is a denial of the motion, the defendant still may object to the evidence when it is introduced in the trial and may appeal from a verdict against him. If, on the other hand, the motion to suppress is granted, the government cannot introduce the evidence, cannot appeal if it loses the case, and may be forever deprived of questioning the validity of the order. But on this score, the position of the government is no worse than in the usual case of an adverse ruling on a point of evidence during a criminal trial. There too the government would have no right of appeal. See United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015. There may be a difference between the grant and denial of a motion that works to the disadvantage of the government, but the effect of the difference cannot change the form and character of a motion as interlocutory or as final. Carroll v. United States, 1957, 354 U.S. 394, 404–406, 77 S.Ct. 1332, 1 L.Ed. 2d 1442. This difference between granting and denying a suppression order does point up the imbalance in the scales of justice, but it is up to Congress to make the correction. See Kronenberg, The Right of a State to Appeal in Criminal

---

6. See also Saba v. United States, 5 Cir., 1960, 282 F.2d 255 and Peterson v. United States, 5 Cir., 1958, 260 F.2d 265, in which cases, however, the motion to suppress was filed after indictment. See United States v. Williams, 4 Cir., 1955, 227 F.2d 149, cited with approval in Zacarias.

7. "However, we think it quite plain that after a complaint has been issued by a United States commissioner, the accused has been afforded a commitment hearing at which he is permitted to cross examine the prosecuting witnesses and to testify, if he so desires, in his own behalf, and is then, in the language of the statute '[held] to answer in the district court,' a motion thereafter made under Rule 41(e) is incidental to the criminal proceeding already commenced and pending. An order on such motion is not final; it is interlocutory and is not appealable." Zacarias v. United States, 5 Cir., 1958, 261 F.2d 416, 418.

Cases, 49 J.Crim.L., C. & P.S. 473 (1959); Comment, The Right of State Appeal in Criminal Cases, 9 Rutgers L. Rev. 545 (1955); Orfield, Criminal Appeals in America, pp. 61–64 (1939).

The United States argues that the issuance of the order by a court in a different district from that in which the trial will occur takes the case out of the general rule and beyond the reach of Zacarias.[8] Rule 41(e), Fed.R.Crim.P. provides:

> "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained * * *. The motion to suppress evidence may also be made in the district where the trial is to be had."

There is nothing in this rule leading to the conclusion that if an order of suppression is rendered in the district of seizure it is necessarily "binding" in the district of trial, as the Government contends. Rule 41(e) says nothing about the government's rights. Rule 41(e) may even be read to mean that the defendant has two bites at the apple, once in the district of seizure and once "also" in the district of trial. If Rule 41(e) is read as allowing a single hearing, rather than multiple hearings, there is still no language in the rule requiring that a suppression order be regarded as "final".

■ When we get down to the bare bones of the argument, we find the government contending that in the same district or circuit a pre-trial suppression order "binds" the trial judge and, a fortiori, the pre-trial suppression order of a district judge in Florida "binds" the district judge in Ohio charged with trying Koenig; therefore, the order is final, and appealable. It is certainly proper that, generally, one judge, in coordinate jurisdiction with another judge, should not overrule that other.[9] But, as we read the cases, this matter is essentially one within the sound discretion of a trial judge conducting his court in the interest of furthering the administration of justice.[10]

8. In Carroll v. United States, 1957, 354 U.S. 394, 403, 77 S.Ct. 1332, 1338, 1 L.Ed.2d 1442, the Supreme Court stated: "Earlier cases illustrated, sometimes without discussion, that under certain conditions orders for the suppression or return of illegally seized property are appealable at once, as where the motion is made prior to indictment, or in a different district from that in which the trial will occur * * *." Carroll dealt with the appealability of an order granting a motion to suppress made *after indictment and in the district of trial.* Thus the language quoted above was not essential to the disposition of the case. To support the statement, the Court cited, in a footnote, only the case of Dier v. Banton, 262 U.S. 147, 43 S.Ct. 533, 67 L.Ed. 915. In the Dier case the motion was made in federal court, but the criminal proceedings, if any, were to be brought in state court. The Receiver of the assets of an alleged bankrupt had in his possession the books and records of the bankrupt. Dier, the bankrupt, sought an injunction to prevent the Receiver from turning over these books and records to the District Attorney of New York County for use in a state grand jury proceeding on the ground that this would violate his constitutional privilege against self-incrimination. The lower court denied the motion. The Supreme Court heard the appeal without discussion of the issue of appealability. For several reasons, we consider the Dier case inapplicable to the instant case: the appeal was not by the government; the matter related only tangentially to a criminal case; and the motion possessed "sufficient independence from the main course of the prosecution to warrant treatment as [a] plenary order * * *." Carroll v. United States, supra, 354 U.S. at page 403, 77 S.Ct. at page 1338.

9. "In federal practice, judges of coordinate jurisdiction, sitting in cases involving identical legal questions under the same facts and circumstances, should not reconsider the decisions of each other." Prack v. Weissinger, 4 Cir., 1960, 276 F.2d 446, 450. See also Two Guys from Harrison-Allentown, Inc. v. McGinley, 3 Cir., 1959, 266 F.2d 427.

10. The courts are in disagreement as to whether a ruling on a pre-trial motion to suppress is binding on the trial court.

■ In this Circuit, in United States v. Brewer, D.C.N.D.Ga.1959, 24 F.R.D. 129, 130, the District Court for the Northern District of Georgia held that the defendants could not bring motions to suppress evidence in the district of trial when the motions had been brought and denied in the district of seizure, the Middle District of Georgia. The Court stated that Rule 41(e) "is intended to provide for a hearing in either district, but does not require multiple hearings"; that "in the absence of exceptional circumstances" the ruling in the district of seizure is controlling. In United States v. Lester, D.C. S.D.N.Y.1957, 21 F.R.D. 30, the district court in New York held that a defendant, moving for suppression of evidence could not, as a matter of right, invoke the jurisdiction of the court of seizure. The court declined jurisdiction, leaving the defendant free to move for suppression in the district court of trial in Pennsylvania. "Such a course", the Second Circuit pointed out in United States v. Klapholz, 1956, 230 F.2d 494,

497, "would have avoided invasion of the trial court's normal province to pass on the admissibility of evidence * * * without jeopardy to the right of the defendants to the exclusion of evidence under the McNabb rule." In Klapholz the motion to suppress was based on Rule 5(a), Fed.R.Crim.P. There is no doubt, however, that a federal court has jurisdiction to entertain a motion to suppress evidence obtained within the district, even though the offenses were committed in another district, and violated state law, not federal law. Rea v. United States, 1955, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233.

■ Assuming, but without deciding, that the order of the court in the district of seizure is "binding", it is binding in the limited sense that Rule 41(e) represents an exception to the general rule that the trial court exercises exclusive control over the admission of evidence. The parties are bound, as they are to any rule of the case, subject to further orders of the Court." The trial judge having

---

In United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, one district judge had denied a pre-trial suppression order, and a second judge, taking new testimony, had granted the order. The Court of Appeals held that it was a proper exercise of discretion to take new testimony, but an abuse of discretion to grant the order where the testimony was essentially the same as at the original hearing. The decision was based on the third circuit rule that "judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other" (TCF Films Corp. v. Gourley, 3 Cir., 1957, 240 F.2d 711, 713). The rule is "designed to prevent shopping about by the defeated party for a judge more favorably disposed to whom a petition for reconsideration may be presented." United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, 748. The Second Circuit took the opposite view in Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131, 135 (not however involving Rule 41(e)): "[J]udicial sensibilities should play no part in * * * suitors' rights." But see United States v. Klapholz, 2 Cir., 1956, 230 F.2d 494. In Waldron v. United States, 1955, 95 U.S.App.D.C. 66,

219 F.2d 37, 41, the court held: "It seems clear to us that a ruling on a motion to suppress evidence becomes a controlling rule in the case just as does a ruling made during a trial." Citing Waldron in a case where a motion to suppress was denied before trial and renewed at trial, Judge Holtzoff held that "a ruling denying a motion to suppress made before the trial under Rule 41(e) * * * becomes the law of the case and is binding on the trial court". United States v. Jennings, D.C.1956, 19 F.R.D. 311, 312, affirmed 101 U.S.App. D.C. 198, 247 F.2d 784. But see United States v. Jackson, D.C.1957, 149 F.Supp. 937, reversed on other grounds 102 U.S. App.D.C. 109, 250 F.2d 772.

11. Similarly, the action of the court on a motion to transfer under 28 U.S.C.A. § 1404(a) constitutes the law of the case. 1 Moore, Federal Practice ¶0.404 [8]. If the motion to transfer is granted and the case transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer "except under the most impelling and unusual circumstances" or if the transfer order is "manifestly erroneous". Ibid. The law of the case is a guide to the dis-

control over the conduct of a trial is not bound, if in the exercise of a sound discretion he should decide that exceptional circumstances require the admission of the evidence. Certainly, the order is not binding in the sense that it can transform an otherwise interlocutory order into a final order. And, an order to suppress has no finality because it does not of itself terminate the criminal proceedings.[12]

The Government's real objection here is that it will not have another opportunity to obtain review. That would be so even if the order were made by a district judge in the district of trial. United States v. Wheeler, 3 Cir., 1960, 275 F.2d 94; United States v. Jennings, D.C.D.C. 1956, 19 F.R.D. 311, affirmed 1957, 101 U.S.App.D.C. 198, 247 F.2d 784. Carroll answers this argument:

"Many interlocutory decisions of a trial court may be of grave importance to a litigant, yet are not amenable to appeal at the time entered, and some are never satisfactorily reviewable. In particular is this true of the Government in a criminal case * * *." [354 U.S. 394, 77 S.Ct. 1339]

If the Government is to be given an opportunity to appeal a suppression order in criminal cases, Congress should give it.[13]

---

cretion of the court, a rule of practice, not a limitation on the court's power. 1 Moore, Federal Practice, ¶0.404 [1], [4]; see United States v. United States Smelting, Ref. & Mining Co., 1950, 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750; Messenger v. Anderson, 1912, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Dictograph Prod. Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131, petition for certiorari dismissed on motion of petitioner, 1956, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82.

12. In United States v. Ashby, 5 Cir., 1957, 245 F.2d 684, an order to suppress evidence effectually terminated the proceeding since the district court considered the indictment invalid as based on tainted evidence. This Court allowed an appeal in the course of which it was necessary to review the suppression order inseparably connected with the dismissal. But the appeal was from the dismissal of the indictment. In a similar case, United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, certiorari denied 358 U.S. 873, 79 S.Ct. 111, 3 L.Ed.2d 103, the court stated that it was not allowing a roundabout appeal from a nonreviewable interlocutory order. The question of the validity of the indictment obtained as a result of presentation to the grand jury of evidence unlawfully acquired would not necessarily entail consideration of the different question of whether the evidence involved was subject to a suppression order.

13. "If there is serious need for appeals by the Government from suppression orders, or unfairness to the interests of effective criminal law enforcement in the distinctions we have referred to, it is the function of the Congress to decide whether to initiate a departure from the historical pattern of restricted appellate jurisdiction in criminal cases." Carroll v. United States, 1957, 354 U.S. 394, 407, 77 S.Ct. 1332, 1340, 1 L.Ed.2d 1442.

In 1956 Congress took the affirmative step of allowing the Government to appeal pre-trial suppression orders in narcotics cases; in such cases a large part of the Government's evidence is obtained by seizure after arrest. 18 U.S.C.A. § 1404 (1958). A recent "Report of the Committee on the Judiciary, United States Senate, containing a Summary of the Findings and Recommendations of the Subcommittee on Improvements in the Federal Criminal Code" (S.R.Rep. No. 1478, 85 Cong., 2nd Sess., at p. 14) stated: "[S]uch appellate rights should not be restricted solely to narcotics cases. With stringent Federal rules governing searches and seizures, the absence of a statutory right of the Government to appeal from preliminary orders suppressing the evidence in other criminal cases is a serious handicap to Federal law enforcement authorities. * * * Ironically, the ultimate question of whether the district judge was right initially in suppressing the evidence cannot be determined, because the Government lacks the right to appeal this preliminary ruling. * * * It is obvious that with 94 United States district courts, with 330 district judges, each having its own views as to what constitutes an illegal search, there never will be achieved any degree of uniformity in the Federal law until the Government is granted the right to appeal. Even judges

This Court has no jurisdiction to hear the appeal from the order of suppression. The appeal is accordingly

Dismissed.

within the same district are not in agreement as to what constitutes an unreasonable search. Where a search will be approved by one, it will be suppressed by another."