820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felix S. JACOB, Defendant-Appellant.
 No. 86-7687.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided June 1, 1987.
 
 Peter Max Zimmerman, for appellant.
 Herbert Better, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Dennis Boyle, Third Year Law Student, on brief), for appellee.
 Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Felix S. Jacob was charged with income tax evasion. He entered into a pretrial agreement which provided that he would contest only the legality of the search by which the evidence against him had been obtained. It was agreed between Jacob and the prosecutor that Jacob had filed a false income tax return and that, should the legality of the search be upheld, Jacob was guilty. In return the Government agreed that it would dismiss the information if the seizure of evidence were held illegal.[1]
 
 
 2
 The district judge granted Jacob's motion to suppress. United States v. Jacob, 502 F.Supp. 1221 (D.Md.1980). The Fourth Circuit reversed and remanded the case for further proceedings. United States v. Jacob, 657 F.2d 49 (4th Cir.1981), cert. denied, 455 U.S. 942 (1982). On remand a second suppression hearing was held and this time the district court denied the motion to suppress. Thereupon Jacob was found guilty and his conviction was affirmed. United States v. Jacob, 718 F.2d 1093 (4th Cir.1983), cert. denied, 466 U.S. 903 (1984).
 
 
 3
 In this motion under 28 U.S.C. Sec. 2255 for habeas corpus relief from a federal conviction, Jacob argues that he was tried twice for the same offense in violation of the double jeopardy clause of the Constitution. In none of the prior proceedings, particularly not during the two appeals to this Court, did Jacob claim that his trial (and conviction) were barred. Now on collateral review Jacob seeks to argue that the suppression hearing in district court was the equivalent of a trial and acquittal and should have precluded all subsequent proceedings.
 
 
 4
 The belated argument of double jeopardy fails on two grounds: First, there had been no trial on the merits but rather only a ruling on a pretrial motion as to whether the evidence should be suppressed. Jeopardy would have attached only upon commencement of a hearing intended to determine guilt or innocence. Serfass v. United States, 420 U.S. 377, 398 (1975). No such hearing ever took place, thus, there is no merit to Jacob's contention that he was tried in contradiction of the double jeopardy clause.
 
 
 5
 Although one of the documents in the record displays faulty thinking on the part of the prosecutor that he had the power to acquit Jacobs, the agreement taken as a whole clearly envisions only the dismissal of the information if suppression were ordered. There was a suppression hearing and an appeal but there was never an acquittal. It would appear, therefore, that the double jeopardy clause would not have precluded the Government from recharging by another indictment or information even if the Fourth Circuit had affirmed the suppression (which in fact did not occur). United States v. Williams, 227 F.2d 149, 152 (4th Cir.1955).
 
 
 6
 Second, even had jeopardy attached during the pretrial suppression hearing, Jacobs clearly waived his right not to be tried twice by entering into an agreement with the prosecutor that expressly provided for an appeal by either side of the result reached by the district judge in the suppression hearing. The clear contemplation of such an agreement was that, should a ruling in favor of Jacob be overturned on appeal, he could be retried.
 
 
 7
 Waiver also took place in the form of procedural default. If Jacob's point that the suppression hearing equaled a trial on the merits is correct, no legal proceeding should have been permitted to take place once the motion to suppress was granted. If one suspends disbelief and assumes the validity of that point, Jacob should have objected contemporaneously to the Government's appeal and his own retrial. Jacob did not choose to raise the claim of double jeopardy until after conclusion of a district court hearing, two appellate court hearings and two reviews by the Supreme Court as to whether certiorari should be granted. Wainwright v. Sykes, 433 U.S. 72 (1977), which requires a showing of cause and prejudice where no timely objection has been made at trial if the allegation of error is to be preserved for consideration in collateral proceedings, has not even in elementary fashion been satisfied. Hence United States v. Frady, 456 U.S., 152, 167 (1982), which imposes the same rules in the context of federal habeas cases, applies to lead to the conclusion that Jacob's present pursuit of the protection of the double jeopardy clause comes too late.
 
 
 8
 The principle underlying the double jeopardy clause is that there should not be a second trial in a criminal proceeding whether the first trial ended in acquittal or conviction. In either case to subject a defendant twice to jeopardy for the same crime is unjust because of the burden it places on the accused. Jacob, however, did not object to legal proceedings which he now claims were totally improper and redundant until the time for preventing the injury had already passed.
 
 
 9
 Therefore, the rationale of double jeopardy being entirely absent, the defendant, himself a lawyer, is deemed to have waived any double jeopardy bar. Five decisions by the courts have been involved (two by the Supreme Court, two by the Fourth Circuit Court of Appeals, and one by the district court when, the second time around, it denied suppression). To make so much judicial effort superfluous despite the absence of timely motion from, and submission by, the defendant does not commend itself to us. Despite the fact that waiver of the right to be protected from double jeopardy can be found only sparingly, e.g., Barker v. Wingo, 407 U.S. 514, 529 (1972), it would be found to exist in a classical case of waiver such as we have here. A refusal to find waiver here would be to wipe out waiver altogether. Cessante ratione cessat ipsa lex. The district court's opinion is consequently affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 In a stipulation based on the agreement it was provided that "should the Government not prevail in its contention [that the search was legal] then ... Jacob should be acquitted...."