113 N.J. Super. 348 (1971)
273 A.2d 783
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES E. BROWN, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1971.
Decided February 16, 1971.
*349 Before Judges KILKENNY, HALPERN and LANE.
Mr. John F. Richardson, assigned counsel, argued the cause for appellant.
Mr. John J. Trombadore, Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriani, Somerset County Prosecutor, attorney; Mr. Trombadore, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
After a trial by jury, defendant was convicted of receiving a stolen I.B.M. electric typewriter. *350 He was sentenced to a suspended State Prison term of 2-3 years, placed on probation for 3 years, and fined $500. He appeals from the judgment of conviction.
The jury could find from the State's proofs that on January 8, 1967 the offices of the C.R. Bard Co. in Bridgewater Township, Somerset County, were burglarized and approximately $5,000 worth of office equipment was stolen, including the typewriter later found in defendant's possession.
Defendant admitted possession of the typewriter but denied knowing it had been stolen. In explaining how he obtained possession he testified:
Q Mr. Brown, would you kindly tell this Court and jury specifically how you acquired this IBM typewriter.
A Well, I was coming down Old York Road up in Bradley Gardens. It was in the early hours of the morning and there was a fellow with a flat tire there. There was two fellows and they had these machines in the car and they didn't want to leave them on Old York Road overnight in their car. They asked me to hold them until the next day.
I gave them my room where I was living and the address. I dropped them off at the diner and I haven't seen them from that day to this.
When the men did not return within two months he concluded the machines must have been stolen, so he stored them at his father's home in Point Pleasant. He admittedly loaned the typewriter in question to his daughter during Christmas of 1967.
The issues presented on this appeal revolve around the testimony of his former wife, Columbia Brown. She testified that she married defendant in 1945 and that two children were born of the marriage, Marion and Robert. They separated in 1959 and had not lived together since that date. Prior to December 1967 when defendant visited with Robert at her home, she overheard defendant tell Robert that one Dominick Angelone had some typewriters which defendant was to sell or get rid of. About Christmas of 1967 she saw defendant give, or loan, the typewriter in question to her daughter Marion. On March 4, 1968 a judgment nisi *351 for divorce from defendant was entered, final judgment being entered on June 5, 1968. The trial in the instant case commenced on June 9, 1969.
Columbia's testimony as to the conversation was admitted over the objection of defendant. He contends the court erred because (1) under New Jersey Evidence Rule 23(2) Columbia was not competent to testify against him because they were still married when she overheard the conversation with Robert, and (2) New Jersey Evidence Rule 28 prevents her from disclosing a communication made in confidence by him at her home. The issues raised are novel in New Jersey. We have concluded that Columbia's testimony was properly admitted.
Evidence Rule 23(2), N.J.S.A. 2A:84A-17(2), provides:
The spouse of the accused in a criminal action shall not testify in such action except to prove the fact of marriage unless (a) such spouse and the accused shall both consent, or (b) the accused is charged with an offense against the spouse, a child of the accused or of the spouse, or a child to whom the accused or the spouse stands in the place of a parent, or (c) such spouse is the complainant.
Evidence Rule 23(2) specifically deals with the competency of one spouse, in a criminal case, to testify against the other. Except for the three exceptions provided for, it bars a spouse from testifying if they are married when the testimony is offered. As was succinctly stated in United States v. Ashby, 245 F.2d 684, 686 (5 Cir.1957), "A divorce terminates the incompetency of a wife to testify against her husband in a criminal case, except as to confidential matters, even though her knowledge was acquired during the period of the marriage." Significantly, Rule 23(2) makes no provision for the privilege to survive a dissolution of the marriage, as is the case with Evidence Rule 28. The philosophy underlying Rule 23(2) was carefully considered by Justice Francis in State v. Briley, 53 N.J. 498 (1969). He summarizes it thusly:
*352 It is the basic policy of our law that every person is qualified and compellable to be a witness and to give relevant and competent evidence at a trial. Rule 7 of the New Jersey Rules of Evidence; N.J.S. 2A:84A-16. Privileges expressly granted to persons to refuse to testify or to prevent another from testifying are exceptions to that policy. See Rules 23-32, 34, 36-40; N.J.S. 2A:84A-17 to 32. Since rigid adherence to the letter of the privileges promotes the suppression of truth, they should be construed and applied in sensible accommodation to the aim of a just result. In view of the obvious policy of the law to enlarge the domain of competency of witnesses and to adapt rules of evidence to the successful development of the truth, competency should be regarded as the rule and incompetency as the exception. This approach is plainly applicable to the so-called marital privilege. See Funk v. United States, 290 U.S. 371, 379-382, 54 S.Ct. 212, 78 L.Ed. 369 (1933); Shores v. United States, 174 F.2d 838, 11 A.L.R.2d 635 (8th Cir.1949); Wyatt v. United States, supra, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931; Note, 38 Va. L. Rev. 359 (1952). It follows therefore that when a greater public interest is served by recognizing the competency of one spouse to testify against the other and no violence is done to the privilege as expressed in a statutory or judicial rule of evidence, the testimony should be received. [at 506]
Since the marriage between defendant and Columbia had been legally dissolved when she testified, and no matrimonial harmony remained to be preserved, we see no public policy reason to bar Columbia's otherwise competent testimony because of Rule 23(2).
Evidence Rule 28, N.J.S.A. 2A:84A-22, provides:
No person shall disclose any communication made in confidence between such person and his or her spouse unless both shall consent to the disclosure or unless the communication is relevant to an issue in an action between them or in a criminal action or proceeding coming within Rule 23(2). When a spouse is incompetent or deceased, consent to the disclosure may be given for such spouse by the guardian, executor or administrator. The requirement for consent shall not terminate with divorce or separation. A communication between spouses while living separate and apart under a divorce from bed and board shall not be a privileged communication. [Emphasis added]
When the State offered Columbia's testimony Judge Leahy heard legal argument by counsel out of the jury's presence. He made the preliminary determination that the communication *353 between defendant and Robert, which was overheard by Columbia, was not made to her nor was it made in confidence. Such preliminary determination was the proper procedure to follow. State v. Anderson, 35 N.J. 472, 487, 488 (1961); People v. Dudley, 24 N.Y.2d 410, 301 N.Y.S.2d 9, 12, 248 N.E.2d 860 (Ct. App. 1969). We have reviewed the record and are in accord with his determination that, under the facts in this case, Rule 28 created no bar to Columbia's testimony. People v. Dudley, supra.
To summarize, we hold that Rule 23(2) deals only with competency to testify in criminal cases between spouses, and is inapplicable if the parties are divorced when the testimony is offered even though the communication was made while married. Rule 28 makes communications between spouses privileged only if made to the spouse in confidence. If the privilege attaches under Rule 28, it survives a subsequest divorce, unlike competency under Rule 23(2). As indicated in Briley, supra, the latter rule has fallen into disfavor, but the distinctions between them survive. See McCormick, Evidence § 66 at 144-145 (1954); 2 Underhill, Criminal Evidence (5th ed.), § 341 at 867.
Affirmed.