**MESABI IRON COMPANY, a Delaware corporation, Appellant,**

v.

**RESERVE MINING COMPANY, a Minnesota corporation, Appellee (two cases).**

**Nos. 16250, 16251.**

United States Court of Appeals Eighth Circuit.

July 13, 1959.

Ray G. Palmer, Palmer, Hood, Crassweller & McCarthy, Duluth, Minn., and Gallop, Climenko & Gould, New York City, for appellant.

J. E. Montague, Dancer, Montague, Applequist, Lyons, Nolan & Nordine, Duluth, Minn., and Jones, Day, Cockley & Reavis, Washington, D. C., for appellee.

Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.

PER CURIAM.

The appellant (defendant, herein referred to as "Mesabi") has filed and submitted a motion for a stay, pending final determination of these appeals, of all proceedings and the suspension of the injunctive relief granted the appellee (plaintiff, referred to as "Reserve") by the District Court. Reserve has opposed the requested stay.

The District Court granted Reserve a mandatory injunction to compel Mesabi to carry out the arbitration Article affecting two lease agreements between the parties covering low-grade iron ore land in Northern Minnesota. Under the agreements, Mesabi was to have one-third of the net profits derived by Reserve from its operations under the agreements. The arbitration Article in suit provided for a Board of Arbitration empowered to determine questions arising under the lease agreements. Questions arose with respect to the proper method for determining net profits. Mesabi asserted that the arbitration provision was revocable and unenforceable, and it refused compliance. The District Court determined and declared that the provision was valid and enforceable. Mesabi was ordered to comply with the provision and to proceed with the arbitration of questions deemed subject to arbitration.

Among the defenses asserted by Mesabi was that of "unclean hands." The District Court held that defense untenable. Mesabi also moved to amend its answer to allege that Reserve had violated the federal anti-trust laws and to pray for treble damages. The District Court ruled that that motion should be held in abeyance.

Apparently, all that Mesabi is presently confronted with, during the pendency of these appeals, is having to proceed with arbitration in conformity with the order of the District Court and the applicable provision of the lease agreements.

Mesabi applied to the District Court for a stay of proceedings, such as this Court is now asked to grant. That court denied the stay on the ground that it would be incompatible with its decision and orders and that "To further delay arbitration would tend to frustrate the purpose of said orders."

This Court, in view of Rule 62(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has, we think, power to stay proceedings pending appeal and "to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." It is our opinion, however, that it is unnecessary to stay proceedings in this case, pending these appeals, in aid of or to protect the jurisdiction of this Court or to insure the effectiveness of whatever judgments may eventually be entered. Mesabi, we think, is taking counsel of its fears. It is our opinion that it has failed to show that compliance with the orders appealed from, during the pendency of the appeals, will substantially, if at all, prejudice it, should the orders appealed from be reversed and the case be remanded for further proceedings. If Mesabi should desire these appeals advanced for hearing, it may file a motion requesting an early setting.

The motion for a stay is denied.