LUMMUS COMPANY, Defendant,
Appellant,

v.

COMMONWEALTH OIL REFINING
COMPANY, Inc., Plaintiff, Ap-
pellee (three cases).

Nos. 5552–5554.

United States Court of Appeals
First Circuit.

Dec. 21, 1959.

See also 174 F.Supp. 485.

Richard Bancroft, Putnam, Bell, San-
try & Ray, Boston, Mass., Cahill, Gordon,
Reindel & Ohl, New York City, and Mc-
Connell, Valdes & Kelley, San Juan, P.
R., for appellant on motion for stay and
memorandum in support thereof.

Ruben Rodriguez-Antongiorgi, San
Juan, P. R., Richard deY. Manning, Mil-
ton Pollack, John F. Dooling, Jr., Dennis
C. Mahoney, Hamilton F. Potter, Jr.,
New York City, Fiddler, Gonzalez, Guil-
lemard & Rodriguez, San Juan, P. R., and
Sullivan & Cromwell, New York City, for
appellee on memorandum in opposition to
motion for stay.

Before WOODBURY, Chief Judge,
and HARTIGAN and ALDRICH, Circuit
Judges.

PER CURIAM.

Defendant-appellant's motion
to delay discovery until after the decision
of its pending appeal from the order of
the district court staying arbitration is
properly before us. Bernhardt v. Poly-
graphic Co. of America, Inc., 2 Cir., 1956,
235 F.2d 209; Mesabi Iron Co. v. Re-
serve Mining Co., 8 Cir., 1959, 268 F.2d
782. We believe it should be granted.
We do not rest this decision on the
ground that proceeding with discovery
may involve lost motion. Rather, we feel
appellee makes no satisfactory answer to
appellant's contention that a court order
of discovery would be affirmatively inimi-
cal to appellee's obligation to arbitrate,
if this court determines it to have such
obligation. It seems clear that if arbi-
tration is to be had of the entire dispute,
appellee's right to discovery must be far
more restricted than if the case remains
in a federal court for plenary trial of the

**614**

issue of fraud. Application of Katz, 1957, 3 A.D.2d 238, 160 N.Y.S.2d 159; Stiller Fabrics, Inc. v. Michael Saphier Associates, Inc., 1956, 1 Misc.2d 787, 148 N.Y.S.2d 591; Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., D.C.S.D.N.Y.1957, 20 F.R.D. 359 (United States Arbitration Act, 9 U.S.C.A. § 1 et seq.); American Arbitration Association, Commercial Arbitration Rules § 30. We cannot avoid the thought that the principal reason appellee has for not awaiting discovery until the decision of this court is the fear that that course will be unavailable if such ruling proves to be adverse. Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof.

An order will enter allowing defendant-appellant's motion for stay of discovery.