Thomas E. O'LEARY, and Federation of Westinghouse Independent Salaried Unions

v.

WESTINGHOUSE ELECTRIC CORPORATION, Appellant.

No. 17174.

United States Court of Appeals Third Circuit.

Argued Nov. 5, 1968.

Decided March 6, 1969.

John G. Wayman, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Blair S. McMillin, Pittsburgh, Pa., on the brief), for appellant.

Albert C. Shapira, Pittsburgh, Pa., for appellees.

Before KALODNER, FORMAN and STAHL, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

In the instant case the appellant Westinghouse Electric Corporation, between December 21 and December 28, 1966, sent notices to five of its employees that they would be laid off for lack of work on December 30, 1966, and paid

them two weeks salary from the date of their respective notices.

The layoff notices were sent pursuant to the provisions of Section IX, Paragraph 8A(1), of the collective bargaining agreement between Westinghouse and the appellee Federation of Westinghouse Independent Salaried Union's, which reads as follows:

"A. Employees laid off because of lack of work shall receive the following advance notification:

"(1) Over one (1) year of service—2 weeks."

The five employees filed grievances claiming they were entitled to 1967 vacation pay on the grounds that had they worked the two-week period instead of being paid two weeks dismissal pay when they were laid off on December 30, 1966, they would have then worked during some part of 1967, and so would have been entitled to 1967 vacation pay under Section XIII of the bargaining contract.

During the grievance procedure which ensued the discharged employees added claims for holiday pay for January 1, 1967 (New Year's Day), under Section XII of the bargaining contract.

The grievances for both vacation and holiday pay were denied and Unions then proposed arbitration under Section XV–A of the bargaining contract, and subparagraphs 18, 20 and 21 of the Section.[1]

Westinghouse refused Unions' request to arbitrate the issue as to whether under Paragraph 8A(1) of Section IX it was required to give a full two weeks' notice in advance of a layoff occasioned by a lack of work, contending that the arbitration provisions of the bargaining contract did not encompass Paragraph 8A(1). It further opposed a unilateral request for arbitration of the grievance issues presented by the appellee Unions to the American Arbitration Association. The latter declined to proceed with arbitration on the ground that it could not do so in the light of Westinghouse's opposition.

The appellee Unions [2] then filed the instant action seeking a declaratory judgment that Westinghouse was required to pay the 1967 vacation and holiday claims. Unions did not, in its Complaint, ask for an order directing arbitration.

Westinghouse, in its Answer to the Complaint,[3] averred that "The claims for holiday and vacation pay are subject to demand arbitration and without the jurisdiction of the Court", and that while the two weeks' notice provision relating to layoff for lack of work was not subject to "demand arbitration" under the collective bargaining agreement, it had prior to the institution of Unions' action "offered to arbitrate this dispute on

---

1. Section XV-A "Arbitration" provides in relevant part as follows:

"A. Those grievances which remain unsettled after the grievance procedure has been exhausted pursuant to Section XV and which involve:

\* \* \* \* \*

"18. A claim that the Company violated Section XII of the National Agreement by failing to pay as contractually required for an observed holiday or by incorrectly computing the amount of the payment;

\* \* \* \* \*

"20. A claim that the Company violated Section XIII, Paragraphs 4., 8. or 9. of the National Agreement by incorrectly determining the length of the vacation period to which an employe was entitled;

"21. A claim that the Company violated Section XIII, Paragraphs 5., 6. or 7. by failing to make a payment or improperly computing its amount;

\* \* \* \* \*

shall be arbitrable upon the request of either the Federation or the Company.

\* \* \* "

2. The five employees assigned their claims to the appellee Thomas E. O'Leary, president of the Federation of Westinghouse Independent Salaried Unions, prior to the institution of the instant suit. For convenience reasons O'Leary and Unions are referred to as "Unions" in this opinion.

3. Reference is to Paragraphs 23, 24 and 25 "Third Defense", Westinghouse's "Answer".

the basis of mutual agreement, but the Union refused."

After service of interrogatories by Unions, and answer thereto, Unions filed a motion for summary judgment.

This motion [4] was denied by the District Court in an Order which, after declaring that "current federal labor law policy calls for arbitration and settlement of labor disputes by the means chosen by the parties to the *maximum extent possible rather than by intrusion of judicial procedure*", nevertheless proceeded to rule that Westinghouse had violated the two weeks' notice provision of the collective bargaining agreement, and to direct arbitration solely as to the issue of whether Westinghouse "did * * * effectually relieve itself of any obligation to make payment of the holiday and vacation pay for which it would have been liable in the absence of such violation?" [5] (emphasis supplied).

The hard core of Westinghouse's contention here is that the District Court erred (1) in failing to dismiss the complaint; and (2) in framing the issue in its arbitration direction "in a manner which is prejudicial and disposes of the claims on the merits." [6]

In reply, Unions says that (1) the District Court's disposition "was proper"; and (2) "plaintiffs here have no objection to a modification of the District Court's framed issue for arbitration which would delete the language declaring a violation of the notice provision." [7]

The record discloses that a belligerent "chip-on-the-shoulder" attitude on the part of both parties to this litigation is its root source. Unions has maintained throughout that the two weeks' notice, holiday, and vacation pay clauses of the collective bargaining agreement are all subject to "demand arbitration" under its terms; Westinghouse's stance has been that only the holiday and vacation pay provisions are subject to "demand arbitration" under the agreement and that the two weeks' notice clause is not so subject, but that, nevertheless, it was willing to submit, by mutual agreement, the issue as to the two weeks' notice provision to "consent arbitration."

Neither party would recede from its stand prior to this suit.

The stiff-necked rigidity of the stated respective positions, in the light of the expense to which the parties have been put in this litigation, and the residual expenditure of judicial time and energy, here and below, calls to mind these lines:

"Woe worth the chase, woe worth the day,

That costs thy life, my gallant grey!" [8]

On consideration of the record and the briefs and oral argument, we are of the opinion that the issue as to whether the five discharged employees are entitled to holiday and vacation pay is arbitrable, and that being so, the District Court erred in failing to stay the action pending arbitration and in ruling on its own that Westinghouse had violated the two weeks' notice provision of the collective bargaining contract. The construction and impact of the two weeks' notice provision is inextricably interwoven with resolution of the concededly arbitrable claims for holiday and vacation pay and, therefore, would necessarily be within the scope of this arbitration.

Accordingly, the Order of the District Court will be reversed, and the cause re-

---

4. The District Court in its Order incorrectly stated that it denied the "plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment." The record discloses, and the parties agree, that Westinghouse did *not* file a cross-motion for summary judgment.

5. The District Court's Order is set forth in the Appendix to this Opinion.

6. Brief for Appellants, p. 1.

7. Brief for Appellees, p. 25.

8. Sir Walter Scott's "The Lady of the Lake", Canto I, Stanza ix.

manded with directions that action be stayed upon the Complaint pending arbitration.

## APPENDIX

### "Order Of Court

"AND. Now, this 11th day of January, 1968, upon consideration of plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment, and of briefs in support thereof and in opposition thereto, and the Court being of opinion that current federal labor law policy calls for arbitration and settlement of labor disputes by the means chosen by the parties to the maximum extent possible rather than by intrusion of judicial procedure [see e. g. United Steelworkers v. Am. Mfg. Co., 363 U.S. 564, 567–569, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960)], and it appearing that the instant dispute is one in connection with which a demand for arbitration was duly made by the union on March 1, 1967, invoking Section XV–A 18, 20 and 21 of the applicable collective bargaining agreement; and the Court being of opinion that such dispute is arbitrable under said agreement, and that its determination necessarily involves determination of the question whether the company may or may not, by means of violating the provisions of Section IX–8 of said agreement (which provisions *per se* are not arbitrable, having been omitted from the list of arbitrable items in Section XV) deprive workers of benefits and payments under Section XV–A, 18, 20, and 21 of said agreement to which they would otherwise have been entitled in the absence of such violation by the company of the provisions of Section IX–8, or whether the company may adequately atone for violation of Section IX–8 by payment of wages for the period covered by the violation of Section IX–8; and it appearing that the company has indicated in substance (see letter of March 30, 1967) its willingness to arbitrate these issues; and it appearing that the arbitration has been frustrated by misunderstanding regarding the formulation of issues to be submitted to the arbitrator; and it appearing desirable that the Court specify the issues in accordance with Section XV–F of said agreement,

"IT IS ORDERED that both motions for summary judgment on the merits be and the same hereby are denied;

"And IT IS FURTHER ORDERED, ADJUDGED, DECREED AND FINALLY DETERMINED that the parties shall proceed with arbitration in accordance with Section XV–A, 18, 20 and 21 of said agreement, the issue to be submitted to arbitration being specified as follows:

"Did the company violate Section XII, or Section XIII, 4, 8, or 9, or Section XIII, 5, 6, or 7 of said agreement by failing to pay the employees involved vacation and holiday pay to which they would have been entitled if the company had not violated the provisions of Section IX–8 of said agreement regarding notice; or, on the contrary, did the company by means of violating Section IX–8 of said agreement, followed by payment of wages for the period covered by such violation, effectually relieve itself of any obligation to make payment of the holiday and vacation pay for which it would have been liable in the absence of such violation?

(s) DUMBAULD

United States District Judge"