**INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL 66, AFL–CIO, Plaintiff-Appellee,**

v.

**LEONA LEE CORP., a Corporation, Insulation & Specialties, Inc., a Corporation, and Jack Tillery, an Individual, Defendants-Appellants.**

**No. 29008.**

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1970.

---

On March 15, 1961, the International Association of Heat and Frost Insulation and Asbestos Workers, Local 66, AFL-CIO ("the Union"), entered into a written settlement agreement with Leona Lee Corporation, Insulator and Specialties, Inc., and Jack Tillery in resolution of two lawsuits and a National Labor Relations Board proceeding then pending between the Union and the corporations. On February 3, 1967, the Union filed a complaint in the District Court for the Western District of Texas, El Paso Division, charging that the corporations and Jack Tillery breached the settlement agreement. Thereafter, defendants filed a motion styled "Motion to Dismiss Plaintiff Must Follow Arbitration Procedure." Although the settlement agreement did not contain an arbitration clause, defendants contended that the settlement agreement "became an integral part" of the then existing Collective Bargaining Agreement between the union and the employers. The Collective Bargaining Agreement provided for the settlement of disputes in Trade Board proceedings, followed by arbitration in the event the Trade Board failed to reconcile the parties' differences. Article V of the Agreement stated:

> "Trade disputes or grievances shall be settled without cessation of work, and in cases where the parties to this Agreement fail to agree the matter in dispute shall be referred to the Trade Board." * * * "If the parties don't agree, a disinterested umpire shall be selected by agreement of the parties. * * *"

J. F. Hulse, El Paso, Tex., for defendants-appellants.

Tom Upchurch, Amarillo, Tex., Charles J. Morris, Dallas, Tex., for plaintiff-appellee.

Before GEWIN, MORGAN, and ADAMS,* Circuit Judges.

PER CURIAM:

This case arises under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185.

The Honorable D. W. Suttle entered an order directing the parties to submit to Trade Board and Arbitration proceedings, provided for discovery by the parties under the Federal Rules of Civil Procedure in aid of the Trade Board and Arbitration proceedings, and retained jurisdiction "pending determination of the Trade Board and Arbitration proceedings."

* Of the Third Circuit, sitting by designation.

The employers appealed, contending the District Court should have dismissed the complaint pursuant to their motion, because the existence of unexhausted arbitration procedures deprived the District Court of jurisdiction.[1]

Defendants base their argument that the District Court lacked jurisdiction upon Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) and a related line of cases. However, Republic Steel and the other cited cases hold that parties to a labor agreement must exhaust any grievance procedure provided by their .contract before a court may decide the arbitrable controversy. It is clear that federal courts have jurisdiction to examine a labor contract to determine whether the parties have agreed to arbitration and whether they must arbitrate specific issues relating thereto. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1967); John Wiley & Sons v. Livingston, 376 U.S. 543, 546–547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Consequently, the District Court did not exceed its jurisdiction when it ordered the parties to exhaust the Trade Board and Arbitration procedures set forth in the Collective Bargaining Agreement.

The District Court's retention of jurisdiction pending arbitration is an accepted practice, e.g. Drake Bakeries v. Bakery Workers, 370 U.S. 254, 264, 82 S.

Ct. 1346, 8 L.Ed.2d 474 (1962); ITT World Commmunications, Inc. v. Communications Workers of America, 422 F. 2d 77, 78 (2nd Cir. 1970); O'Leary v. Westinghouse Electric Corp., 408 F.2d 24 (3rd Cir. 1969).

Also, the District Court did not err when it specifically made available to the parties federal discovery procedures "to the extent necessary for the presentation of matters submitted for Trade Board and Arbitration determination." Such order is consistent with the District Court's retention of jurisdiction and effectuates the policy favoring arbitration.[2]

Defendants also claim that the District Court erred because there was no pleading upon which to base its order directing the parties to submit to the Trade Board or Arbitration Proceedings. However, defendants' own motion raised the arbitration issue and plaintiff's complaint requested "such further relief at law or in equity to which it may be entitled * * *." In addition, Federal Rules of Civil Procedure, 54(c) provides in pertinent part that "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings."

Accordingly, the District Court's order will be affirmed.

1. At oral argument this Court raised, sua sponte, the question whether the decree of Judge Suttle constituted an appealable order. In view of the disposition we make of the appeal, we do not address ourselves to this problem. But see, International Longshoremen's Ass'n v. Philadelphia Marine Trade Association, 389 U.S. 64, 75, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967).

2. The Supreme Court has held in the Steelworker's Trilogy that the Labor Management Relations Act reflects a national policy favoring arbitration of labor disputes. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567–568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960). See, Local 616, Int. U. of E. R. & M. Wkrs. v. Byrd Plastics, Inc., 428 F.2d 23, 25 (3rd Cir. 1970).